084871.1025 (207)                                    RMC:lab

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SCHMIDT CHEVROLET BUICK GMC, INC.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **CLEAR BLUE SPECIALTY INSURANCE COMPANY,** | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Now comes the Plaintiff, Schmidt Chevrolet Buick GMC, Inc., by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment and Other Relief against the Defendant, Clear Blue Specialty Insurance Company, alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of insurance coverage as well as damages for the vexatious and unreasonable failure to provide such coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391(b)(2) as the events giving rise to the claims occurred in this District.

## THE PARTIES

3. Schmidt Chevrolet Buick GMC, Inc. ("Schmidt" or "the Insured") is an Illinois corporation, which maintains its principal place of business in Mt. Vernon, Illinois where it operates an automobile dealership which is part of a group of several dealerships.

4. Clear Blue Specialty Insurance Company ("Clear Blue") is a North Carolina domestic insurance company with an office in Raleigh, North Carolina, which maintains its principal office in Guaynabo, Puerto Rico. Clear Blue does business in Illinois on a non-admitted basis.

## THE INSURANCE POLICY

5. Clear Blue issued its policy of insurance numbered BN01-00635-02 to Ford Square of Mt. Vernon as named insured, for the effective period of July 1, 2023 to July 1, 2024 on which policy Schmidt is identified as an "insured" at Location No. 3 at 3423 Broadway Street, Mt. Vernon, Illinois. The policy provided for various coverages, including false pretense coverage. A copy of the policy sold to the Insured is attached hereto, made a part hereof and is marked as Pleading Exhibit A (if Pleading Exhibit A is not a true and correct copy of the policy, Schmidt requests Clear Blue to attach a certified copy of the policy to its responsive pleading).

### THE SALES INCIDENT OF SEPTEMBER 18, 2023

6. On September 18, 2023, Steven R. Binkley ("Binkley") contacted Schmidt to sell to Schmidt his 2020 Jeep Cherokee automobile to obtain cash on an immediate basis as Binkley needed cash due to a family illness, and represented to Schmidt that the Jeep Cherokee was 99% paid off with a payoff amount of $160.74 and Binkley provided Schmidt with a text showing the nominal payoff amount due the lender.

7. On September 18, 2023, Binkley intended to purchase a cheap used car in exchange for the Jeep Cherokee. At that time, Binkley agreed to purchase and Schmidt agreed to sell a 2015 Kia Sportage at a cost of $5,995 with a trade-in amount of $15,000 for the Jeep Cherokee, which after taxes and title fees resulted in Schmidt issuing a check to Binkley in the amount of $8,319.46 which check Binkley took along with the 2015 Kia Sportage automobile and its title. Prior to the 2015 Kia Sportage and its title leaving the lot, Schmidt confirmed with Binkley's lender, Westlake Financial Services, that the loan payoff was $160.74 which amount Schmidt paid in exchange for receipt of the title.

8. After waiting a reasonable time for the title to the Jeep Cherokee, Schmidt again contacted Westlake Financial Services and inquired when it would issue the title to the Jeep Cherokee, at which time Schmidt was informed by the lender that the loan payoff for the Jeep Cherokee was $36,702.12.

9. On October 30, 2023, Schmidt paid $36,702.12 to Westlake Financial Services to obtain the title to the 2020 Jeep Cherokee it purchased from Binkley as it had a customer who arranged to purchase the Jeep Cherokee. Certain of the documents in

connection with the sale are attached hereto, made a part hereof and are marked as Pleading Exhibit B.

10. Schmidt thereafter made a claim to Clear Blue under its policy of insurance to indemnify Schmidt for voluntarily parting with its covered auto as a result of the false pretense, trick and scheme of Binkley.

11. Clear Blue through a claim administrator denied the claim asserting that an exclusion precluded coverage as Clear Blue determined that the Insured's loss was caused by "an undisclosed lien on an auto you [Insured] acquire." A copy of the declination of coverage letter of December 20, 2023 is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

12. To date, the loss which occurred on September 18, 2023 involving voluntarily parting with a covered auto has not been paid by Clear Blue.

### THE INSURANCE POLICY PROVISIONS

13. The Clear Blue policy of insurance extends coverage for the loss of a "covered auto" due to a covered cause of loss, including "false pretense." The insuring agreement in the policy provides as follows:

> **PART II - COVERAGES**
>
> A. COVERAGE. When a premium is shown in the Declarations or Evidence of Coverage, during the **coverage period** and in the **coverage territory**, coverage is provided under:
>
> 1. **Comprehensive** Coverage**.** We will pay for **loss** (including **economic loss** in a **total theft loss**), unless otherwise limited or excluded, to a **covered auto** from any cause except **loss** due to **collision**. If the cause is **false pretense**, we will pay for **loss,** unless otherwise

       limited or excluded, if the criminal trick, scheme, or device consists of:

       a. The use of a check, draft, or other similar negotiable instrument that is forged, counterfeit, drawn on a non- existent account, or drawn on an account closed prior to acceptance by you for a **covered auto**; or

       b. The use of fraudulent or forged identification or signature of an applicant or customer on a credit application or finance, lease, or rental agreement for a **covered auto;** or

       c. Your acquiring an **auto** from a seller who did not have legal title, including an **auto** that is stolen or which has a title that is counterfeit, forged, altered, or is otherwise invalid.

The policy defines "covered auto" and specifically defines "false pretense" as follows:

  J. **Covered auto** means:

    a. An **auto** which is parked at a **location** when not in use or which is in transit to or from a **location**, except if in transit from the **manufacturer**, and (a) which you own, except if you are the lessor, (b) which is in your possession for consignment or sale, (c) which you hire or borrow for a period of less than one year, or (d) of which you are the lessee under a lease for a period of one year or more.

        \* \* \* \*

  O. **False pretense** means **loss** resulting from a person or entity causing you, your officers, shareholders or employees to voluntarily part with a **covered auto** or the title or other evidence of ownership of a **covered auto** by use of criminal trick, scheme or device. **False Pretense** excludes **loss** due to conversion or concealment of a **covered auto** committed by any person in lawful possession of such **covered auto**.

  14. The Clear Blue policy provides exclusions from coverage, including an exclusion for a loss caused by "an undisclosed lien."

5

15. The Clear Blue policy in its Part III – CONDITIONS provides as follows:

**3. Duties in the Event of Loss**

\* \* \* \* \*

(5) Under **False Pretense** Coverage:

    iv. File a complaint with the appropriate law enforcement authorities as soon as practicable;

    v. Obtain a warrant for the arrest of anyone causing the **loss** and /or agree to prosecute; and

    vi. Make every reasonable effort to recover the **covered auto** when it is located.

## COUNT I
### (DECLARATORY JUDGMENT RE: CLAIM IS COVERED)

16. Schmidt adopts and repeats the allegations of ¶¶ 1 through 15 as and for ¶ 16 hereof as though the same were fully set forth herein.

17. Clear Blue erroneously and improperly asserted that the Jeep Cherokee was not a "covered auto" when the "covered auto" as defined by the Clear Blue policy was the 2015 Kia Sportage as it was the automobile which the Insured owned. In addition, the policy condition requiring Schmidt to obtain a warrant for the arrest of the wrongdoer [Binkley] is an unenforceable policy requirement in Illinois, although Schmidt did report the fraud and promptly filed a report with the Mt. Vernon Police Department.

18. Clear Blue's reliance on the so-called "undisclosed lien" exclusion is improper, contrary to Illinois law and not in good faith as the false pretense scheme or trick of Binkley is construed as his intent to defraud Schmidt at the time of the transaction,

namely, September 18, 2023, at which time the amount of the payoff was confirmed by Westlake Financial Services when Schmidt inquired.

19. Schmidt contends that the acquisition of an automobile [Jeep Cherokee] from someone [Binkley] who does not have legal title is a covered event under the Clear Blue policy for which Clear Blue is liable.

20. The above contentions of Schmidt are, on information and belief, denied by Clear Blue which, in turn, contends that there is no coverage for the fraudulent acquisition and voluntary parting by Schmidt of the 2015 Kia Sportage, its title and $8,319.46. Schmidt, in turn, denies the contrary contentions of Clear Blue and each of them.

21. By reason of the foregoing, an actual and justiciable controversy exists between the parties which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (BREACH OF CONTRACT)

22. Schmidt adopts and repeats the allegations of ¶¶ 1 through 21 as and for ¶ 22 hereof as though the same were fully set forth herein.

23. Clear Blue has breached its policy of insurance by the wrongful failure and refusal to indemnify Schmidt in connection with the false pretense claim involving the acquisition of the 2020 Jeep Cherokee and the voluntary parting with the 2015 Kia

7

Sportage, title to that vehicle, and a check for $8,319.46 and the payment of an additional $36,841.17.

## COUNT III
### (STATUTORY BAD FAITH FOR VEXATIOUS AND UNREASONABLE CONDUCT)

24. Schmidt adopts and repeats the allegations of ¶¶ 1 through 23 as and for ¶ 24 hereof as though the same were fully set forth herein.

25. At all times relevant herein there was a certain statute known as Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, which provides as follows:

> **5/155. Attorney fees**
>
> § 155. Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>     (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
>     (b) $60,000;
>
>     (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.
>
> (2) Where there are several policies insuring the same insured against the same loss whether issued by the same or by different companies, the court may fix the amount of the allowance so that the total attorney fees on account of one loss

> shall not be increased by reason of the fact that the insured brings separate suits on such policies.

26. Clear Blue has violated the terms of the foregoing statute in one or more or all of the following ways:

> (a) The failure and refusal to indemnify Schmidt for the false pretense claim submitted to Clear Blue;
>
> (b) The assertion of purported defenses to coverage which are baseless and without merit;
>
> (c) That Clear Blue has no reasonable basis in law or in fact to disclaim its obligation to indemnify Schmidt with respect to the false pretense claim submitted to Clear Blue.

27. At all times relevant to this action, Clear Blue was either aware that it had no reasonable basis in fact or in law for disclaiming its contractual obligations set forth herein or acted with reckless disregard for whether such a basis existed, all in violation of Section 155 of the Illinois Insurance Code.

28. Clear Blue had an obligation to indemnify its Insured for the false pretense claim submitted for that purpose by Schmidt, which obligation the insurer vexatiously and unreasonably refused to recognize, which resulted in Clear Blue preventing Schmidt from receiving the insurance coverage to which it is entitled, and causing Schmidt to incur expenses and costs which it would not otherwise be obligated to incur had Clear Blue fulfilled in good faith its contractual obligations.

29. As a direct result of Clear Blue's breach of its duty of good faith and statutory violations, Schmidt had been forced to incur and will continue to incur additional damages,

9

including, without limitation, attorneys' fees and other expenses in order to prosecute this action.

30. Schmidt is entitled to compensatory, consequential and statutory damages, costs, attorneys' fees, and all other relief permitted by Section 155 of the Illinois Insurance Code from Clear Blue, which has forced Schmidt to suffer losses and forced it unnecessarily to litigate and devote its resources to recover policy coverage to which it is entitled.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Schmidt Chevrolet Buick GMC, Inc., prays that this Court enters judgment finding and declaring the rights of the parties as follows:

## AS TO COUNT I:

A. That Clear Blue Specialty Insurance Company has a duty and obligation, under its policy of insurance numbered BN01-00635-02, to provide coverage to Schmidt Chevrolet Buick GMC, Inc. for the loss of the 2015 Kia Sportage and all expenses in connection with that transaction.

B. That the Court grant Schmidt Chevrolet Buick GMC, Inc. such other and further relief as the Court deems fair and just under the circumstances.

C. That Schmidt Chevrolet Buick GMC, Inc. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That Clear Blue Specialty Insurance Company has a duty and obligation to indemnify Schmidt Chevrolet Buick GMC, Inc. for the false pretense claim presented under policy BN01-00635-02.

B. That Clear Blue Specialty Insurance Company has a duty to reimburse Schmidt Chevrolet Buick GMC, Inc. for all of the costs and expenses incurred by it in connection with the false pretense claim.

C. That the Court award Schmidt Chevrolet Buick GMC, Inc. with any other and further relief to which it is entitled and which the Court deems necessary and proper under the circumstances.

### AS TO COUNT III:

A. That Clear Blue Specialty Insurance Company's conduct was vexatious and unreasonable and in violation of Section 155 of the Illinois Insurance Code.

B. That judgment be entered in favor of Schmidt Chevrolet Buick GMC, Inc. and against Clear Blue Specialty Insurance Company for a statutory penalty of not less than $60,000, plus an award of reasonable attorney fees incurred in this action, which award will be based on a separate fee petition to be filed within 30 days of the entry of this judgment, plus costs and interest.

C.  That this Court grant Schmidt Chevrolet Buick GMC, Inc. such other and further relief as the Court deems fit and just under the circumstances.

D.  That Schmidt Chevrolet Buick GMC, Inc. be awarded and have and recover all reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/   Robert Marc Chemers*
Robert Marc Chemers
Bar No. 00431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com